**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| WAYNE PRATER, | : | CIVIL ACTION |
|     Plaintiff, | : | |
| | : | |
|     v. | : | |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | NO. 11-CV-00667 |
|     Defendants. | : | |

<u>**MEMORANDUM OPINION**</u>

**TIMOTHY R. RICE**                                                          **September 7, 2012**
**U.S. MAGISTRATE JUDGE**

Plaintiff Wayne Prater claims Defendants, Philadelphia Police Officers Edward Solvibile and Joseph Walsh, violated his Fourth Amendment rights to be free from unreasonable seizures and the use of excessive force when they arrested him on December 2, 2009.  He also alleges Officer Solvibile's actions during the arrest constituted an assault and battery under Pennsylvania state law.  Prater now seeks to exclude the following evidence at trial:  (1) evidence of his prior convictions; (2) evidence of his past arrests and other bad acts; and (3) evidence of his current incarceration.  I deny Prater's motion in part and grant it in part as discussed below.

**I.      Evidence of Prater's Prior Convictions**

Without identifying any of his prior convictions, Prater alleges evidence of those convictions should be barred because they "could only be used to create an inference that [he] has an aggressive and criminal disposition."  Prater's Motion in Limine (doc. 43), at p. 2.  Officers Solvibile and Walsh contend Prater's convictions for crimes punishable by more than one year of imprisonment must be admitted pursuant to Rule 609(a)(1)(A) of the Federal Rules of Evidence.

Rule 609 governs the use of prior criminal convictions to impeach a witness's character for truthfulness. When ten years have passed since the witness's conviction or release from confinement, evidence of the conviction is admissible only if its probative value substantially outweighs its prejudicial effect.  See Fed. R. Evid. 609(b)(1).  Earlier convictions "for a crime that . . . was punishable by death or by imprisonment for more than one year" must be admitted, subject to Rule 403, which states that a court may exclude relevant evidence if its probative value is substantially outweighed by "a danger of one or more of the following: unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting of time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 609(a)(1), 403.

Prater's criminal history includes the following convictions:

- June 28, 2012 - Guilty of three counts of contempt for violation of an order, two counts of burglary, two counts of criminal trespass, two counts of simple assault, two counts of harassment, and one count of each of the following:  criminal mischief, terroristic threats with intent to terrorize, resisting arrest, aggravated assault, possession of an instrument of a crime, stalking, repairing/selling/dealing with offensive weapons, and recklessly endangering another.  See See Ex. A to Defendants' Response (doc. 45), First Judicial District of Pennsylvania Court Summary, pp. 1-3.  Prater is awaiting sentencing for these convictions.  See id.

- March 16, 2010 - Guilty of contempt for violation of an order, stalking, and harassment and sentenced to a term of imprisonment of time served to six months and two twelve-month probationary terms.  See id. at p. 9.

2

- February 21, 1997 - Guilty of retail theft and criminal conspiracy and sentenced to probation. See id. at p. 4.

A.   *Prater's March 2010 and June 2012 Convictions*

Prater's March 2010 and June 2012 convictions may be admitted, subject to the Rule 403 balancing test, if they are for crimes punishable by imprisonment for more than one year.

The majority of Prater's March 2010 and June 2012 convictions are for felonies and first- or second-degree misdemeanors, all of which are punishable in Pennsylvania by terms of imprisonment of more than one year. See 18 Pa. C.S. § 1103 (limiting sentences of imprisonment for felony convictions to a maximum of seven to twenty years depending on the degree of felony); id. § 1104 (limiting sentences of imprisonment for first- or second-degree misdemeanors to a maximum of two to five years). Some of Prater's convictions are for summary offenses or misdemeanors of the third degree, which are not punishable in Pennsylvania by a term of imprisonment of more than one year. See id. § 1104 (limiting sentences of imprisonment for third-degree misdemeanors to no more than one year); 23 Pa. C.S. § 6114 (limiting sentence for crime of contempt for violation of an order to an imprisonment term of no more than six months). These latter convictions for summary offenses and third-degree misdemeanors – namely, Prater's convictions for harassment and contempt for violation of an order – are inadmissible under Rule 609(a)(1).

Prater's convictions for the felonies and first- and second-degree misdemeanors – namely, Prater's convictions for burglary, criminal trespass, criminal mischief, terroristic threats, resisting arrest, simple assault, aggravated assault, causing catastrophe, possession of instrument of a crime, stalking, repairing/selling/dealing with offensive weapons, and recklessly endangering

3

another – are admissible if their probative value is not substantially outweighed by unfair prejudice, confusion of issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.  This balancing test requires consideration of:  (1) the type of crimes involved; (2) when the convictions occurred; (3) the importance of the witness's testimony to the case; and (4) the importance of the witness's credibility.  See United States v. Greenridge, 495 F.3d 85, 97 (3d Cir. 2007).

The first Greenridge factor focuses primarily on whether the witness's prior convictions are for the same or substantially the same conduct at issue in the case being tried.  See id. at 97; United States v. Cherry, No. 10-cv-091, 2010 WL 3156529, at *6 (E.D. Pa. Aug. 10, 2010).  When prior convictions are based on similar conduct, they generally should be "admitted sparingly" because "there is an inevitable pressure on lay jurors to believe that if he did it before he probably did it this time."  Cherry, 2010 WL 3156529, at *6.

This case does not concern crimes by Prater, but rather alleged violations by Officers Solvibile and Walsh.  Nevertheless, because the officers will claim Prater resisted arrest, see Defendants' Response, at pp. 3-4, Prater's aggressiveness will be a factor at trial and his multiple convictions for violent and assaultive crimes may lead the jury to believe he has an aggressive character that required Officer Solvibile to use excessive force to restrain him on December 2, 2009.  See Lewis v. Velez, 149 F.R.D. 474, 483 (S.D.N.Y. 1993) ("[A]ssault convictions skirt too close to the impermissible suggestion that the plaintiff had a propensity toward violence and acted in conformity with his aggressive predisposition.").  Prater's multiple convictions also may shift the jury's focus from the elements of his claims against the officers to Prater's character.  See Green v. Bock Laundry Mach. Co., 490 U.S. 504 (1989) ("Evidence that a litigant or his

4

witness is a convicted felon tends to shift a jury's focus from the worthiness of the litigant's position to the moral worth of the litigant himself."). Thus, the nature of Prater's prior convictions will be substantially prejudicial to him and the first Greenridge factor weighs against admission.

The second Greenridge factor is concerned with the remoteness of convictions. See Greenridge, 495 F.2d at 97. Because Prater's April 2010 and June 2012 convictions are both recent, this factor weighs in favor of admission.

The third Greenridge factor looks to the importance of the witness's testimony. See Cherry, 2010 WL 3156529, at *7. This case depends upon the jury believing Prater's testimony as opposed to that of Officers Solvibile and Walsh. Prater's testimony therefore will be necessary to establish his claims and this third factor weighs against admission.

The final Greenridge factor supports the admission of Prater's testimony because it is concerned with establishing a witness's credibility and Prater's credibility will be crucial in this case. See Cherry, 2010 WL 3156529, at *8 ("When a defendant testifies, he places his credibility directly at issue."); United States v. Johnson, 302 F.3d 139, 152 (3d Cir. 2002) (felony convictions are probative of a witness's credibility).

Balancing the Greenridge factors, I find Officers Solvibile and Walsh may reference Prater's convictions of multiple felonies and first- and second-degree misdemeanors in March 2010 and June 2012 without stating the number of convictions or further exploring the nature of those convictions, except the resisting arrest conviction, which stems from Prater's December 2,

2009 arrest.[1]  See Ex. A to Defendants' Response (doc. 45), Court Summary report, at pp. 1-2;

see also Graack v. Borough of Nazareth, 852 F.Supp. 370, 371-72 (E.D. Pa. 1994) (plaintiff's

conviction for resisting arrest is relevant to excessive force claim and jury should be aware of the

underlying conviction).  To further minimize any prejudice to Prater from the admission of this

evidence, I will instruct the jury that it may only consider the prior convictions as evidence of

Prater's credibility and not as evidence that he is a bad person or has a propensity to commit

crimes.  See Greenridge, 495 F.3d at 97 (prejudicial effect of prior convictions is minimized by

limiting cross-examination about the convictions and providing a cautionary instruction to the

jury); see also Fed. R. Evid. 105.

     B.    *Prater's February 1997 Convictions*

Because more than ten years have passed since Prater's February 1997 convictions,[2] these

convictions can be admitted under Rule 609(b)(1) only if their probative value is substantially

outweighed by their prejudicial effect.  Due to their age, the February 1997 convictions have

minimal probative value to establishing Prater's credibility.  See Cherry, 2010 WL 3156529, at

*7 (probative value of crimes decreases with their age).  Introduction of these dated convictions

also would be prejudicial and cumulative given my decision to allow evidence of Prater's more

---

[1]  With regard to his June 2012 convictions, Prater may elect to advise the jury that he has not yet received a judgment of sentence for those convictions. See Pettijohn v. Wusinich, 705 F.Supp. 259, 261 (E.D. Pa. 1989) (witness may inform the jury that a judgment of sentence has not been entered with regard to convictions admitted pursuant to Rule 601).

[2]  I need not consider whether ten years have passed since Prater's "release from confinement" because Prater was sentenced to probation, rather than imprisonment, for the February 1997 convictions.  See Wink v. Ott, No. 11-cv-00596, 2012 WL 1979461, *2 (M.D. Pa. June 1, 2012) ("In calculating the ten-year period, 'release from confinement' does not 'include any period of probation or parole.'") (citing 6 Weinstein's Federal Evidence § 609.07).

recent convictions.  See Charles v. Cotter, 867 F.Supp. 648, 656 (N.D. Ill. 1994) (excluding

evidence of witness's dated convictions to avoid "piling on" effect where witness's more recent

convictions could be admitted).  Therefore, evidence regarding these convictions will be

excluded.

## II.    Evidence of Prater's Prior Arrests and Other Bad Acts

Prater next argues Defendants should be prohibited from offering any evidence regarding

his past arrests and bad acts under Rule 404(b) of the Federal Rules of Evidence because the only

possible purpose for this evidence is to create an inference that he has an aggressive and hostile

character.

Rule 404(b) prohibits the use of evidence of crimes, wrongs or other acts to prove a

person's character.  Fed. R. Evid. 404(b).  This evidence, however, "may be admissible for

another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge,

identity, absence of mistake, or lack of accident[,]" where sufficiently established by the

proponent of this evidence.  Id.; see also Becker v. ARCO Chem. Co., 207 F.3d 176, 191 (3d Cir.

2000).

Officers Solvibile and Walsh state they "do not plan on introducing evidence of [Prater's]

prior arrests, or other bad acts."  Defendants' Response (doc. 45), at 4.  Nevertheless, the officers

request that I withhold my decision concerning this evidence "until [they] attempt to offer such

evidence at trial, if [they] choose to do so."  Id.  The officers suggest this procedure is appropriate

because Prater has not identified what prior arrests and bad acts "evidence [he] expects [the

officers] will offer."  Id.  I disagree.

The officers have failed to show how evidence of Prater's prior arrests and bad acts fits in a chain of logical inferences that does not point to Prater's propensity to commit crimes.  This requires exclusion of Prater's prior arrests and bad acts.  <u>See</u> <u>Becker</u>, 207 F.3d at 191 (proponent of Rule 404(b) evidence "must clearly articulate how that evidence fits into a chain of logical inferences, no link of which may be the inference that the defendant has the propensity to commit the crime charged")

## III.    Evidence of Prater's Current Incarceration

Prater also argues Officers Solvibile and Walsh should be barred from referring to his current incarceration because this evidence has no probative value to his claims or the officers' defenses.  Officers Solvibile and Walsh concede evidence of Prater's incarceration is generally "inadmissible" in this action, but contend it may be admissible to impeach Prater if he opens the door by making his current incarceration an issue at trial.   I agree.  <u>See</u> <u>Gora v. Costa</u>, 971 F.2d 1325, 1331 (7th Cir. 1992) (evidence of plaintiff's incarceration could be admitted to refute his claim that force used during his arrest gave him a negative perception of law enforcement); <u>Charles</u>, 867 F.Supp. at 661 (evidence of plaintiff's incarceration may be admitted where plaintiff claims damages as a result of that incarceration).

An appropriate order follows.

8